JS-6

Lawrence Brewster
Regional Solicitor
Pamela W. McKee
Associate Regional Solicitor
**Susan Seletsky**, Attorney (CSBN #176106)
Office of the Solicitor (Sol#0617560)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
　　Telephone: (213) 894-4983
　　Facsimile: (213) 894-2064
seletsky.susan@dol.gov

Attorneys for the Plaintiff


FILED
CLERK, U.S. DISTRICT COURT
FEB 13 2008
CENTRAL DISTRICT OF CALIFORNIA
BY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE L. CHAO,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>LITTLE SHEEP USA, INC. dba LITTLE SHEEP CAFE., a California corporation;<br>USA SHEPHERD, INC. dba LITTLE SHEEP CAFE, a California corporation;<br>DA HUA INTERNATIONAL, INC. dba LITTLE SHEEP CAFE, a California corporation;<br>FRANK HUANG, Individually and as Managing Agent of the Corporate Defendants; and,<br>BONNIE HUANG, Individually and as Managing Agent of Corporate Defendants,<br><br>　　　　　Defendants. | Case No.: CV 07-427 PA<br><br>**CONSENT JUDGMENT** |

Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor ("Secretary") and defendants Little Sheep USA, Inc. dba Little Sheep Café, a California corporation, USA Shepherd, Inc. dba Little Sheep Café, a California corporation, Da Hua International, Inc. dba Little Sheep Café, a California corporation, Frank Huang, individually and as managing agent of the corporate defendants, and Bonnie Huang, individually and as managing agent of the corporate defendants (collectively, "defendants"),

have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

  A. The Secretary has filed a Complaint alleging that defendants violated provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).

  B. Defendants have Answered the Complaint, and appeared by counsel, and acknowledge receipt of a copy of the Secretary's Complaint.

  C. The Secretary and defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

  D. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 215(a)(5), in any of the following manners:

  1. Defendants shall not, contrary to FLSA § 6, 29 U.S.C. § 206, pay any employee who in any workweek is engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), wages at a rate less than $5.85 an hour (or less than the applicable minimum rate as may hereafter be established by amendment to the FLSA).

  2. Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in

commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

3. Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4. Defendants, jointly and severally, shall not continue to withhold the payment of $ 175,000 in unpaid backwages and liquidated damages consisting of minimum wage and overtime pay hereby found to be due under the FLSA to their employees, as a result of their employment by defendants during the period of July 21, 2003 through October 1, 2006 as set forth in the Exhibit 1 which shall be filed within 30 days of the date this Consent Judgment is executed, showing the name of each employee and listing on the same line the gross backwage/liquidated damage amount due the employee and the period covered by the Consent Judgment.

5. Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, 100 N. Barranca Street, W. Covina, CA, 91791, the following:

    a. On or before March 1, 2008, a schedule in duplicate bearing the firm name, employer identification number(s), address, and phone number of the defendants and showing the name, last known (home) address, social security number and dates of employment for each person to be listed in the Exhibit 1;

    b. On or before June 16, 2008, a certified or cashier's check or money order with the firm name and "BWs & LDs" written thereon, payable to the order of the "Wage & Hour Div., Labor," in the amount of $ 175,000;

    c. In the event of a default in the timely making of the payment specified

herein, Defendants shall owe $475,000 in backwages and liquidated damages and $25,000 in civil money penalties, plus interest at the rate of five percent (5%) per year, from the date of entry of this Judgment until the full amount of this Judgment is paid in full. These sums shall become due and payable within 10 calendar days of the date of the Secretary's sending by ordinary mail a written demand to the last business address of the defendants then known to the Secretary.

6. The Secretary shall allocate and distribute the remittances, or the proceeds thereof, to the persons named in Exhibit 1, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c); and, it is further

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the Exhibit 1 nor as to any employee named on the Exhibit 1 for any period not specified therein. Further, it shall be a bar regarding any claims for backwages as to those employees listed on Exhibit 1, for the periods listed thereon; and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: February 13, 2008.

_____
U.S. DISTRICT COURT JUDGE

For the defendants:

Each defendant hereby appears, waives any
defense herein, consents to the entry of

**Consent Judgment** (Sol#0617560))

this Judgment, and waives notice by the Clerk of Court:

For: LITTLE SHEEP USA, INC. dba Little Sheep Cafe

By: _Frank Huang_      02-13-2008
    Authorized Agent            Date

Its: _Agent_

For: USA SHEPHERD, INC. dba Little Sheep Cafe

By: _Frank Huang_     02-13-2008
    Authorized Agent            Date

Its: _Agent_

For: DA HUA INTERNATIONAL, INC. dba Little Sheep Cafe

By: _Frank Huang_     02-13-2008
    Authorized Agent            Date

Its: _Agent_

_Frank Huang_     02-13-2008
FRANK HUANG           Date

_[signature]_     2-13-2008
BONNIE HUANG          Date

CHARLES T. MATHEWS & ASSOCIATES

_[signature]_     2/13/08

DEANE L. SHANANDER
Charles T. Mathews & Associates
2596 Mission Street, Suite 204
San Marino, CA 91108

Attorneys for the Defendants

1  For the plaintiff:

2  GREGORY F. JACOB
3  Solicitor of Labor

4  LAWRENCE BREWSTER
5  Regional Solicitor

6
7  PAMELA W. McKEE
   Associate Regional Solicitor
8

9  _/s/ Susan Seletsky_     Feb 13  2008
10 SUSAN SELETSKY, Attorney       Date
11 Attorneys for the Plaintiff

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28